United States District Court
Southern District of Texas
**ENTERED**
December 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALFONSO G. ORDONEZ, | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | CIVIL ACTION NO. 7:20-cv-00326 |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; and T.J. Riney, | § § § § | |
| Defendants. | § § § | |

## OPINION AND ORDER

The Court now considers Plaintiff Alfonso G. Ordonez's "Motion to Remand"[1] and Defendant Shellpoint Mortgage Servicing's response.[2] After considering the motion, the record, and relevant authority, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

This is a foreclosure case. Plaintiff originally filed this suit on October 5, 2020 against Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing (Defendant Shellpoint) and substitute trustee T.J. Riney in County Court at Law No. 2 of Hidalgo County, Texas.[3]

In Plaintiff's original petition, he alleges that in December 2005, he executed a promissory note in the amount of $66,700.00 secured by his property at 1509 Rabbit Run Ave, Alton, Hidalgo County, Texas 78573 through a deed of trust.[4] Defendant Shellpoint asserts that the

---

[1] Dkt. No. 5.
[2] Dkt. No. 6.
[3] Dkt. No. 1-1.
[4] Dkt. No. 1-2 at 3, ¶¶ A–D (the petition included in the notice of removal does not include any record of the promissory note or the deed of trust, but does include an affidavit from Plaintiff asserting the details about the promissory note and the deed).

1 / 8

current value of the property is $93,789.00 according to the Hidalgo County Central Appraisal District.[5] Plaintiff alleges that he was able to make payments for fifteen years but became behind on payments "due to unexpected circumstances."[6] He further alleges that he "contacted Defendants regarding his situation but Defendants refused to take late payments."[7] The property was set for substitute trustee sale on October 6, 2020.[8]

Plaintiff filed this petition in state court just one day before the scheduled foreclosure.[9] Plaintiff sought[10] and was granted a temporary restraining order to prevent the foreclosure sale on October 5, 2020.[11] In his suit, Plaintiff brings claims based on waiver, breach of the deed of trust, violations of the Texas Property Code, and violations of the "Federal Consumer Financial Protection Bureau servicing rules."[12] On October 15, 2020, Defendant Shellpoint timely removed the case to this Court on the basis of diversity and federal question jurisdiction.[13] On November 4, 2020, Plaintiff filed the instant motion to remand.[14] Defendant Shellpoint filed its response on November 20, 2020.[15] The motion is ripe for consideration. The Court turns to its analysis.

## II. DISCUSSION

### a. Removal and Remand

In Plaintiff's motion, he argues remand is proper because "[t]here are several Defendants and all will be served"; "[t]he lawsuit does not involve a federal question"; "[t]he parties are not divers [sic]"; and "[t]he amount in controversy is less than $75,000, excluding interest and

---

[5] Dkt. No. 5 at 2; *see* Dkt. No. 1-9.
[6] Dkt. No. 1-2 at 3, ¶ E.
[7] *Id.*
[8] Dkt. No. 1-2 at 11.
[9] *Id.*
[10] Dkt. No. 1-2 at 7–8.
[11] Dkt. No. 1-3.
[12] *Id.* at 5–8.
[13] Dkt. No. 1.
[14] Dkt. No. 5.
[15] Dkt. No. 6.

costs."[16] Defendant Shellpoint argues removal is proper because the Court has diversity jurisdiction over the case, as the amount in controversy exceeds $75,000 because "the object of this litigation 1509 Rabbit Run Avenue, Alton, Texas 78573—is valued at $93,789 by the Hidalgo County Central Appraisal District" and substitute trustee T.J. Riney's "citizenship should be disregarded for diversity purposes because he was improperly joined to this lawsuit."[17] Defendant Shellpoint also argues that the Court has federal question jurisdiction over Plaintiff's claim asserted under the "Federal Consumer Financial Protection Bureau servicing rules" and supplemental jurisdiction over Plaintiff's remaining Texas law claims.[18]

Importantly, objections to a court's subject-matter jurisdiction may be raised at any time.[19] Federal courts must have either federal-question[20] or diversity-based jurisdiction.[21] The party asserting federal jurisdiction bears the burden of demonstrating proper jurisdiction.[22] In determining whether jurisdiction is proper, the court "consider[s] the claims in the state court petition as they existed at the time of removal.[23] The Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of remand.[24] As the removing party, Defendant Shellpoint bears the burden of demonstrating proper jurisdiction.

### b. Diversity Jurisdiction

---

[16] Dkt. No. 5 at 1–2.
[17] Dkt. No. 6 at 5–4; *see also* Dkt. No. 1, 2–7.
[18] *See generally* Dkt. No. 6; *see also* Dkt. No. 1 at 2.
[19] *Kontrick v. Ryan*, 540 U.S. 443, 444 (2004).
[20] 28 U.S.C. § 1331.
[21] 28 U.S.C. § 1332 (A case may not be removed on the basis of diversity jurisdiction if any defendant is a citizen of the forum state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)).
[22] *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 333 (2006).
[23] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[24] *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988).

In Defendant Shellpoint's notice of removal and response to Plaintiff's motion to remand, it argues that the Court has diversity jurisdiction over this case. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) only when the amount in controversy exceeds $75,000 and the parties are completely diverse.[25] The Court addresses each of the two requirements separately.

### 1. Amount in Controversy

Defendant Shellpoint argues that the amount in controversy in this case exceeds $75,000.[26] If a Plaintiff does not state a specific amount in the complaint, as in this case, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement."[27] A removing defendant can meet its burden if it shows by a preponderance of the evidence that: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount"[28] such as "affidavits and deposition testimony."[29] If the removing party carries its burden, the party opposing removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold."[30]

---

[25] 28 U.S.C. § 1332(a).
[26] Dkt. No. 1 at 6; Dkt. No. 6 at 2.
[27] *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)).
*Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).
[28] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *Scarlott*, 771 F.3d at 888; *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").
[29] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).
[30] *Chavez*, 746 F. App'x at 341. The amount claimed controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *accord De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir.

When the amount in controversy is at issue, the Court makes an arithmetical assessment of the claims and values at issue as of the moment of removal; subsequent events which purport to change the amount in controversy do not oust the Court's jurisdiction.[31] The Fifth Circuit has held that when "a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[32] Further, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[33] In actions enjoining foreclosure, "it is the property itself that is the object of litigation; the value of the property represents the amount in controversy."[34]

Here, in his original petition, Plaintiff asserts that he is entitled to both monetary damages and injunctive relief but does not specify any amounts.[35] As Plaintiff requests to enjoin the foreclosure of the property, the value of the property controls the amount in controversy.[36] Defendant Shellpoint's notice of removal states the property at issue has an approximate value of $93,789, as indicated by the Hidalgo County Appraisal District.[37] Plaintiff's original petition references an executed promissory note in the amount of $66,700, but does not make any reference to the value of the property—1509 Rabbit Run Ave—at the center of this suit.[38] Because this is a foreclosure action, calling into question the right to the property in its entirety,

---

1995) (holding that, if the amount claimed is not in good faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

[31] *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").

[32] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).

[33] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (per curium) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983) ("[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.").

[34] *Farkas*, 737 F.3d at 341 (internal quotations omitted).

[35] Dkt. No. 1-2 at 8–9, ¶¶ A–I.

[36] *See Farkas, supra* note 34.

[37] Dkt. No. 1 at 7 (citing to Dkt. No. 1-9 at 2 (Hidalgo County Appraisal District report)).

[38] Dkt. No. 1-2 at 3, IV(A).

the value of the property controls, not the value of the note.[39] Furthermore, while Plaintiff asserts that the amount in controversy is less than $75,000, he provides no support for this assertion and the contents of his complaint demonstrate otherwise.[40] Contrary to Plaintiff's unsupported assertion, the approximate value of the property according to the Hidalgo County Appraisal District records[41] is sufficient to satisfy the amount in controversy requirement for diversity jurisdiction. Further, Plaintiff requests monetary damages in addition to injunctive relief, including for mental anguish and loss of credit.[42] For the foregoing reasons, the Court finds that there is a preponderance of evidence to establish that the amount in controversy in the case exceeds $75,000.

2. *Complete Diversity*

Defendant Shellpoint next contends that there is complete diversity between the parties because the substitute trustee is improperly joined in the case.[43] An improperly joined non-diverse defendant does not prevent successful removal to federal court based on diversity jurisdiction.[44]

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

---

[39] *See Waller; Farkas, supra* notes 32–34.
[40] Dkt. No. 5 at 2, ¶ 3.c.
[41] Dkt. No. 1-9 at 2.
[42] Dkt. No. 1-2 at 8, ¶ B.
[43] Dkt. No. 1 at 5; Dkt. No. 6 at 2–3.
[44] *Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) ("[T]he presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.")); *Lassberg*, 660 F. App'x at 266 (citing *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) ("A party to a complaint is 'nominal' and thus disregarded for diversity purposes if 'in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'")); *Smallwood v Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004); *Chesapeake & Ohio R.R. v. Cockrell,* 232 U.S. 146, 152 (1914) (diverse defendants, upon showing that joinder of nondiverse party was "without right and made in bad faith," may successfully remove the action to federal court).

against the non-diverse party in state court."[45] Joinder is improper if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[46] To determine if a reasonable basis exists, the court uses a Rule 12(b)(6)-like analysis.[47] If the plaintiff "misstated or omitted discrete facts that would determine the propriety of joinder," the Court may, "in its discretion, pierce the pleadings and conduct a summary inquiry."[48]

Here, Plaintiff is a citizen of Texas and Defendant Shellpoint is a citizen of Delaware and New York.[49] Thus, whether T.J. Riney, the substitute trustee and citizen of Texas, is properly joined affects diversity jurisdiction. Plaintiff inconsistently argues "[the parties are not divers[e] . . . Several Defendants are citizens of Texas. Even though the parties are divers[e] several Defendants are local Defendants and citizens of this state, where the State suit was filed."[50] In response, Defendant Shellpoint argues that Riney's citizenship should be disregarded for diversity purposes because he was improperly joined to this lawsuit.[51]

The citizenship of a non-diverse party is properly ignored for jurisdiction purposes if the claims against him/her cannot withstand Rule 12(b)(6) scrutiny.[52] Defendant Shellpoint correctly points out a substitute trustee is immune from liability if he relies on information provided by the mortgagee.[53] To overcome the substitute trustee's immunity, Plaintiff needed to allege that he was acting in bad faith.[54] Plaintiff failed to do so. As previously explained to Plaintiff's counsel

---

[45] *Smallwood.*, 385 F.3d at 573 (5th Cir. 2005). (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).
[46] *Id.*
[47] *Id.*
[48] *Id.*
[49] *See* Dkt. No. 1 at 3.
[50] Dkt. No. 5 at. 1–2, ¶ 3(b).
[51] Dkt. No. 6 at 2–4.
[52] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).
[53] TEX. PROP. CODE § 51.007(f).
[54] *See Rojas v. Wells Fargo Bank*, N.A., 571 F. App'x 274, 277 (5th Cir. 2014) ("[the plaintiff] does not provide any allegations that [substitute trustee] was acting in bad faith, and therefore has no reasonable basis for recovery.").

in other cases involving the same form petition and motion to remand,[55] Plaintiff's claims against Riney cannot withstand Rule 12(b)(6) scrutiny because Plaintiff fails to sufficiently allege a valid claim against the substitute trustee. Thus, the Court **DISMISSES WITHOUT PREJUDICE** T.J. Riney from this action. Accordingly, diversity jurisdiction is met. Because jurisdiction is proper under 28 U.S.C. § 1332, the Court declines to consider Defendant Shellpoint's arguments regarding federal question jurisdiction under 28 U.S.C. § 1331.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that jurisdiction is proper in this case under 28 U.S.C. § 1332. Accordingly, the Court **DENIES** Plaintiff's motion to remand.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of December 2020.

　　　　　　　　　　　　　　　　　Micaela Alvarez
　　　　　　　　　　　　　　　　　United States District Judge

---

[55] *See Rodriguez et. al. v. Wells Fargo Bank, N.A.,* 7:18-cv-00109 (S.D. Tex. Apr. 13, 2018), Dkt. No. 13 (where this Court denied Plaintiff's motion to remand and held complete diversity existed because the Substitute Trustee, the only non-diverse party, was improperly joined); *see also Abril A. Flores del Campo v. U.S. Bank National Association*, 7:19-CV-00076 (S.D. Tex. Mar. 12, 2019), Dkt. No. 7 (where this Court denied Plaintiff's motion to remand and held complete diversity existed because the Substitute Trustee, the only non-diverse party, was improperly joined); *see also Perez v. Wells Fargo USA Holdings, Inc.,* 7:19-cv-00317 (S.D. Tex Sep. 5, 2019), Dkt. No. 16 at 7 (where this Court denied Plaintiff's motion to remand and held complete diversity existed because the Substitute Trustee, the only non-diverse party, was improperly joined).