United States District Court
Southern District of Texas
**ENTERED**
April 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALFONSO G. ORDONEZ, | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | CIVIL ACTION NO. 7:20-cv-00326 |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; and T.J. Riney, | § § § § | |
| Defendants. | § § | |

## OPINION AND ORDER

The Court now considers "Defendant Shellpoint's Dismissal Motion."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, the record, and relevant authority, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND

This is a foreclosure case. Plaintiff originally filed this suit on October 5, 2020 against Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing (Defendant Shellpoint) and substitute trustee T.J. Riney in County Court at Law No. 2 of Hidalgo County, Texas.[3]

In Plaintiff's original petition, he alleges that in December 2005, he executed a promissory note in the amount of $66,700.00 secured by his property at 1509 Rabbit Run Ave, Alton,

---

[1] Dkt. No. 12.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1-1.

Hidalgo County, Texas 78573 through a deed of trust.[4] Defendant Shellpoint asserts that the current value of the property is $93,789.00 according to the Hidalgo County Central Appraisal District.[5] Plaintiff alleges that he was able to make payments for fifteen years but became behind on payments "due to unexpected circumstances."[6] He further alleges that he "contacted Defendants regarding his situation but Defendants refused to take late payments."[7] The property was set for substitute trustee sale on October 6, 2020.[8]

Plaintiff filed his original petition in state court just one day before the scheduled foreclosure.[9] Plaintiff sought[10] and was granted a temporary restraining order to prevent the foreclosure sale on October 5, 2020.[11] In his suit, Plaintiff brings claims based on waiver, breach of the deed of trust, violations of the Texas Property Code, and violations of the "Federal Consumer Financial Protection Bureau servicing rules."[12] On October 15, 2020, Defendant Shellpoint timely removed the case to this Court on the basis of diversity and federal question jurisdiction.[13] On November 4, 2020, Plaintiff filed a motion to remand,[14] which the Court denied, dismissing substitute trustee T.J. Riney.[15] Defendant Shellpoint subsequently filed the instant motion to dismiss.[16] Plaintiff has not filed a response. The motion is ripe for consideration. The Court turns to its analysis.

---

[4] Dkt. No. 1-2 at 3, ¶¶ A–D (the petition included in the notice of removal does not include any record of the promissory note or the deed of trust, but does include an affidavit from Plaintiff asserting the details about the promissory note and the deed).
[5] Dkt. No. 5 at 2; *see* Dkt. No. 1-9.
[6] Dkt. No. 1-2 at 3, ¶ E.
[7] *Id.*
[8] Dkt. No. 1-2 at 11.
[9] *Id.*
[10] Dkt. No. 1-2 at 7–8.
[11] Dkt. No. 1-3.
[12] *Id*. at 5–8.
[13] Dkt. No. 1.
[14] Dkt. No. 5.
[15] Dkt. No. 9.
[16] Dkt. No. 12.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings only "[a]fter the pleadings are closed." Defendant filed an answer in state court,[17] so its motion for judgment on the pleadings is ripe.[18] A Rule 12(c) motion is analyzed under the Rule 12(b)(6) standard.[19] "[T]he inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits."[20]

The Court uses federal pleading standards to determine the sufficiency of a complaint.[21] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges a plaintiff's right to relief based upon those facts."[22] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] The Court reads the complaint as a whole[24] and accepts all well-pleaded facts as true (even if doubtful or suspect[25]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[26]), but will not strain to find inferences favorable

---

[17] *See* Dkt. No. 1-5.
[18] *See Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015)
[19] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[20] *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).
[21] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[22] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[24] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").
[25] *Twombly*, 550 U.S. at 555–56.
[26] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).

to the plaintiff,[27] but also will not indulge competing reasonable inferences that favor the Defendant.[28] A plaintiff need not plead evidence[29] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[30] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[31]

In evaluating a motion to dismiss, Courts first disregard any conclusory allegations or legal conclusions[32] as not entitled to the assumption of truth,[33] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[34] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[36] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible,"[37] because discovery is not a

---

[27] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[28] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[29] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[30] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[31] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[32] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").
[33] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").
[34] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").
[35] *Iqbal*, 556 U.S. at 678.
[36] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).
[37] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

license to fish for a colorable claim.[38] The complaint must plead every material point necessary to sustain recovery; dismissal is proper if the complaint lacks a requisite allegation.[39] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[40]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[41] Attachments to the complaint become part of the pleadings for all purposes,[42] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[43] except in the case of affidavits.[44] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[45] but not if the material is a matter of public record[46] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[47]

---

[38] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").
[39] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[40] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).
[41] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[42] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[43] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014).
[44] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[45] FED. R. CIV. P. 12(d).
[46] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).
[47] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

As to any questions of state law, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[48] Absent a decision by Texas's highest tribunal, the decisions by Texas Courts of Appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[49]

### b. Analysis

In Defendant's motion to dismiss, it notes that Plaintiff uses the same form petition[50] repeatedly rejected by this Court for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6).[51] As with these former cases, Plaintiff pleads: (1) "Waiver of Acceleration of the Note in Accepting Plaintiff's Late Payments;" (2) "Pre-Foreclosure Loss Mitigation Review Period;" (3) "The Breach Letter;" (4) "Notice of Default and Intent to Accelerate;" (5) "Effect of Coronavirus (COVID-19);" and (6) "Illegal Foreclosure."[52] He also

---

[48] *Exxon Co. U.S.A. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989) (quotation omitted); *see also West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).
[49] *Exxon Co. U.S.A*, 889 F.2d at 675 (quoting *West*, 311 U.S. at 237).
[50] Dkt. No. 1-2.
[51] Dkt. No. 12 at 3, ¶ B (citing *Garcia v. Metro. Life Ins. Co.*, No. 1:19-CV-113, 2020 WL 826642, at *5 (S.D. Tex. Jan. 27, 2020), report and recommendation adopted sub nom. *Garcia v. Metro. Life Ins.*, No. 1:19-CV-113, 2020 WL 824191 (S.D. Tex. Feb. 19, 2020) (noting nearly identical form filings by Plaintiff's counsel in twenty-two cases in the McAllen Division; nine cases in the Brownsville Division; and others in divisions across Texas over the past five years); *see Villareal v. American Savings Life Insurance Co.*, Case No. 7:20-cv-408, Dkt. No. 15 at 7; *Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 689610, at *5 (S.D. Tex. Feb. 1, 2018); *Tierranegra v. JPMC Specialty Mortg. LLC*, No. 7:18-CV-347, 2019 WL 92190, at *1 (S.D. Tex. Jan. 2, 2019); *Gomez v. Wells Fargo Bank, N.A.,* No. 7:17-CV-118, 2017 WL 1650200, at *1 (S.D. Tex. May 1, 2017); *Sandoval v. Wilmington Sav. Fund Soc'y FSB*, No. 7:18-CV-91, 2018 WL 7253972 (S.D. Tex. Dec. 10, 2018); *Mena v. U.S. Bank, N.A.*, No. 7:17-CV-00394, 2018 WL 4103247 (S.D. Tex. July 5, 2018); *Perez v. Wells Fargo USA Holdings, Inc.*, No. 7:19-CV-317, 2019 WL 6687704 (S.D. Tex. Dec. 6, 2019); *MacDonald v. JPMorgan Chase Bank*, No. 7:18-CV-289, 2019 WL 3361283 (S.D. Tex. July 25, 2019); *Salinas v. Deutsche Bank Tr. Co. America*s, No. 7:18-CV-43, 2018 WL 4334019, at *1 (S.D. Tex. July 16, 2018); *Cavazos Ramirez v. M&T Bank, et al.*, Civil Case No. 7:19-360; *Tapia v. Loancare, LLC et al.*, Civil Case No. 7:19-296; *MacDonald v. Colonial Savings et al.*, Civil Case No. 7:19-83; *Hinojosa v. Carrington Mortgage Services, LLC et al.*, Civil Case No. 7:18-211; *de Miranda v. Deutsche Bank National Trust Company et al.*, Civil Case No. 7:18-196; *Guerra et al v. JP Morgan Chase Bank et al.*, Civil Case No. 7:18-190; *Paredes v. Federal National Mortgage Association et al*, Civil Case No. 7:18-149; *Guerra v. Wells Fargo et al.*, Civil Case No. 7:18-148; Lopez et al v. Wilmington Savings Fund Society, FSB et al., Civil Case No. 7:18-108; *Iglesias et al. v. Deutsche Bank National Trust Company et al.*, Civil Case No. 7:18-63; *Perez et al. v. Wells Fargo USA Holdings, Inc.* et al., Civil Case No. 7:18-59; *Silva v. U.S. Bank National Association et al.*, Civil Case No. 7:18-55; *Malo et al. v. Wells Fargo Bank, N.A. et al.*, Civil Case No. 7:17-445; *Candanosa v. Ocwen Loan Servicing, LLC et al.*, Civil Case 7:17-369.
[52] Dkt. No. 1-2.

requests a temporary restraining order.[53] Even the facts are identical to the previous form petitions[54]—excluding the names of the parties;[55] the date and amount of the promissory note;[56] the address, description, and characterization of the subject property;[57] and the length of time that Plaintiff has been able to make payments before entering default.[58] Beyond these minimal case-specific details,[59] Plaintiff alleges the same factual allegations his counsel alleged in a previous case that was dismissed for failure to state a claim under Rule 12(b)(6).[60] The Court thus reiterates its previous findings,[61] and finds that Plaintiff fails to plead sufficient facts to support a legally cognizable claim against Defendant. Accordingly, the Court **GRANTS** Defendant's motion to dismiss under 12(c).[62]

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that Plaintiff failed to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's motions to dismiss.[63] All of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will issue, pursuant to Rule 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of April 2021.

_____
Micaela Alvarez
United States District Judge

---

[53] *Id.* at 7–8.
[54] *Id.* at 3–4.
[55] Compare Dkt. No. 1-2 at 2–3, ¶ II & *Villareal*, Case No. 7:20-cv-408, Dkt. No. 1-3 at 2–3, ¶ II.
[56] Compare Dkt. No. 1-2 at 3, ¶ A–B & *Villareal*, Case No. 7:20-cv-408, Dkt. No. 1-3 at 3, ¶ A–B.
[57] Compare Dkt. No. 1-2 at 3, ¶ C–D & *Villareal*, Case No. 7:20-cv-408, Dkt. No. 1-3 at 2–3, ¶ C–D.
[58] Compare Dkt. No. 1-2 at 3, ¶ E & *Villareal*, Case No. 7:20-cv-408, Dkt. No. 1-3 at 3, ¶ E.
[59] *Supra* notes 55–58.
[60] Compare Dkt. No. 1-2 & *Villareal*, Case No. 7:20-cv-408, Dkt. No. 1-3.
[61] *Villareal*, Case No. 7:20-cv-408, Dkt. No. 15.
[62] Dkt. No. 12.
[63] Dkt. No. 12.